UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SHARON HAMILTON,                    )
                                    )
    Plaintiff                      )
                                    )
v.                                  )    1:11-cv-00068-NT
                                    )
SOCIAL SECURITY ADMINISTRATION      )
COMMISSIONER,                       )
                                    )
    Defendant                      )

## REPORT AND RECOMMENDED DECISION

Sharon Hamilton's application for benefits under Title II of the Social Security Act, filed in April 2001, ran aground on a finding that she engaged in substantial gainful activity subsequent to the date of her alleged onset of disability. Hamilton, now 62 years of age, commenced this civil action to obtain judicial review of the final administrative decision. Hamilton's date last insured under Title II was in September 1993, but she alleges an onset of disability in April 1992. According to the Commissioner, however, Hamilton demonstrated that she was not disabled any later than 1997, because she engaged in substantial gainful activity in that year, making her application in 2001 untimely under the regulations. I recommend that the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the September 30, 2008, decision of Administrative Law Judge Guy E. Fletcher because the Appeals Council saw no reason to exercise jurisdiction over Hamilton's exceptions to the decision. (R. 611, 638-45.[1])

At step 1 of the sequential evaluation process, Judge Fletcher found that Hamilton met the insured status requirements of Title II through September 30, 1993. The Judge also found

---
[1] The Commissioner has filed the administrative record ("R.") in paper format.

that Hamilton engaged in substantial gainful activity during the periods March 1997 through April 1998 and July 1998 through December 1998. (R. 642, Findings 1 & 2.) Because the Judge found that Hamilton engaged in substantial gainful activity in 1997 and 1998, he reasoned that any theoretical period of disability "would have ended due to performance of substantial gainful activity in 1997 and 1998." Because that activity commenced in March 1997, he found that Hamilton's application was not filed within 12 months of the latest theoretical date through which any conceivable pre-March-1997 period of disability might have persisted. (Finding 3, R. 645, citing 20 C.F.R. §§ 404.320, 404.621(d); SSR 68-64c.)[2]

## BACKGROUND TO THE ADMINISTRATIVE DECISION

On April 27, 2001, the Administration issued notice to Hamilton that she did not qualify for SSDI benefits because she engaged in substantial gainful activity in 1997 and 1998. (R. 436, 440.) Hamilton requested reconsideration. The Administration held its ground in a notice dated June 20, 2001. (R. 442, 446.) Hamilton appealed. On November 27, 2002, Administrative Law Judge Martha Rose Reeves issued a fully favorable decision on the solitary issue of whether Hamilton's work activity in 1997 and 1998 was "substantial" activity, finding that Hamilton's "gainful" work for one John R. Bouchard d/b/a At Home Care was accomplished only because Mr. Bouchard provided Hamilton with special accommodations for her physical and mental

---

[2] Judge Fletcher also offered alternative dispositive findings. First, he found that, even if the analysis proceeded to step 2, the medical record failed to divulge the existence of a severe mental or physical impairment between the alleged April 15, 1992, onset date and the date last insured. (R. 644-45, Finding 2, citing Exs. B22F, B23F.) Alternatively, the Judge found that a residual functional capacity assessment would still call for a finding that Hamilton is capable of substantial gainful activity. (R. 645.) According to the Judge:

> The claimant was a younger individual 45 years of age on the date last insured. The vocational expert present at the hearing testified that an individual with the claimant's vocation[al] profile who was limited to light work with occasional bending, stooping, crawling, and balancing and with the option of sitting and standing would have been able to perform such jobs as mail sorter, cutter-paster, and checker I.

(Id. (citations omitted).)

2

impairments. ("The Reeves Decision," R. 449, 454-57.[3]) Judge Reeves remanded the claim for further consideration by the Administration. (R. 457.) Thereafter, on February 10, 2003, the Administration denied Hamilton's claim based on a determination that the medical evidence was insufficient to establish that she was under a disability on any date through September 30, 1993, the date Hamilton was last insured under Title II. (R. 99.) The Administration did not change its position despite a request for reconsideration. (R. 102.)

Hamilton requested a hearing with an administrative law judge. Judge James Russell conducted a hearing and issued a decision on July 30, 2004. Judge Russell noted that the Reeves Decision regarding work activity in 1997 and 1998 is "final and binding unless there is a basis under the regulation to reopen and revise that decision." (R. 17.) Judge Russell concluded that the matter should be revisited based on "fraud or similar fault," observing that the medical records revealed that Hamilton engaged in work activity other than the work for Mr. Bouchard, that this work activity had been performed as of the time of the hearing before Judge Reeves, but that this work activity was never disclosed. (R. 17.) He found that Hamilton "knowingly made an incorrect or incomplete statement that is material to the determination" and reopened Judge Reeves's decision on that basis. (R. 18.) Judge Russell found that the 1997 and 1998 activity was substantial gainful activity and that Hamilton performed other work activity as well, both before and after the work for Mr. Bouchard. However, he found that there was "not enough evidence to determine whether the other work activity [was] SGA." (R. 19.) The Appeals Council denied Hamilton's request for review in a notice dated December 30, 2005. (R. 6.) It also noted its receipt of a copy of a charge of discrimination Hamilton filed against Mr. Bouchard with the Maine Human Rights Commissioner. (R. 10.)

---

[3] See 20 C.F.R. § 404.1573(c) (explaining that, when gainful work is done under "special conditions," it may show that the work was not substantial activity).

Hamilton filed a claim in this Court for judicial review, case number 1:06-cv-8-B-W. In that proceeding, the Commissioner filed a motion for voluntary remand, asserting that he believed "that reversal and remand for rehearing concerning the plaintiff's work activity in 1997 and 1998 is an appropriate remedy." (R.667.) The motion stated: "Upon remand, the matter will be returned to an ALJ to re-evaluate Plaintiff's work activity in 1997 and 1998 in accordance with 20 C.F.R. sections 404.1572, 404.1573 and 404.1574 and complete the remainder of the sequential evaluation process as necessary." (R. 668.) This Court remanded the matter for further administrative proceedings by order dated August 25, 2006, adopting the Commissioner's statement of what would transpire on remand. (R. 671.) On remand, on May 8, 2007, the Appeals Council recounted the procedural history and explained:

> In order to establish a "period of disability" and establish entitlement to disability insurance benefits, an individual must prove that she was continuously disabled from at least the date last insured to within 12 months of the filing of an application for disability insurance benefits. The individual has the burden of proving both that she was disabled within 12 months of filing her application and that she was continuously disabled from the date when she last met the disability insured status requirements of the Social Security Act. Proof of a current disability alone would not entitle an individual to benefits. The fact that a person who has recovered from a prior disability subsequently suffers a relapse or suffers from a new disability does not entitle such person to disability benefits if she no longer meets the disability insured status requirements of the Social Security Act.
> * * *
> In this case, the claimant last met the disability insured status requirements of the Social Security Act on September 30, 1993. According to the wage information provided by her employer, she would appear to have performed substantial gainful activity in 1997 and 1998, with yearly earnings of $6,405.00 in 1997 and $7,794.55 in 1998 and average earnings of well over $500.00 per month. This may preclude a finding that she was continuously disabled from at least the date last insured to within 12 months of protectively filing an application for disability insurance benefits on February 13, 2001.

(R. 674 (citations omitted).) The Appeals Council further explained that the basis for the remand was that Judge Russell decided to reopen Judge Reeves's decision and revise her findings despite not having all the evidence relied on by Judge Reeves and not questioning the claimant regarding

4

her work during the period in question. (Id.) The Appeals Council directed a third administrative law judge to "re-evaluate the claimant's work activity for the relevant period . . . considering all the evidence of record, using the criteria in 20 C.F.R. 404.1572 – 404.1574" and indicated that the Judge should proceed with the remaining steps of the sequential evaluation process, "if warranted." (Id.) The third administrative law judge's decision is the decision of Judge Fletcher, presently under review.

## DISCUSSION OF PLAINTIFF'S STATEMENT OF ERRORS

Hamilton argues that the Commissioner's decision to reconsider the substantial gainful activity finding made by Judge Reeves was legally and factually erroneous. Should that argument fail, she challenges the alternative dispositions offered in Judge Fletcher's decision. I find that the decision to reconsider the substantial gainful activity question was proper and that there is substantial evidence in support of Judge Fletcher's determination of the issue. Because Hamilton's 2001 application for disability insurance benefits was filed long after her 1993 date last insured and more than 12 months after a period of substantial gainful activity in 1997 and 1998, the Commissioner appropriately denied her application pursuant to 20 C.F.R. §§ 404.320(b)(3) and 404.621(d). Hamilton's performance of substantial gainful activity in 1997 and 1998 is deemed to mark the conclusion of any theoretical period of disability that may have commenced prior to the September 1993 date last insured and Hamilton's 2001 application was filed too late to be viable under the Commissioner's regulations.

**A.    The Decision to Reopen Judge Reeves's Determination**

Hamilton argues that it was error for the Commissioner to "reopen" Judge Reeves's fully favorable finding on the substantial gainful activity issue because seven years passed between the Reeves Decision and Judge Fletcher's and Judge Fletcher's decision does not include a

finding that Hamilton obtained Judge Reeves's favorable finding through fraud or similar fault, citing 20 C.F.R. § 404.988. (Statement of Errors at 7-8, 11.) Assuming that this is a reopening scenario, the grounds upon which the Commissioner may reopen a prior determination are several and depend on how long it has been since the determination was made. Hamilton says the only available ground was for a finding of fraud or similar fault, citing section 404.988(c), because more than four years passed before Judge Fletcher issued the decision currently under review. I find that fraud would not be a required finding, however, because Judge Reeves's determination of the issue was reconsidered by Judge Russell within the four-year period, remained open throughout the Appeals Council's review, and was specifically preserved by the Council's and the Court's remand orders. Thus, even assuming that this issue falls under the "reopening" category and section 404.988 applies, reopening of the determination was permitted for "good cause," as that concept is defined in 20 C.F.R. § 404.989. Pursuant to that section of the regulations, for present purposes, the Commissioner will find good cause when new and material evidence is furnished. Id. § 404.989(a)(1). The new and material evidence in this matter included the discrimination charging instrument Hamilton filed with the Maine Human Rights Commission, which proved material to the issue under consideration. (R. 10, 644, 719.) Additionally, as the Commissioner argued at oral argument, this is not a classic reopening scenario because the substantial gainful activity issue remained open for purposes of Appeals Council and District Court review and both the Appeals Council and the District Court preserved the substantial gainful activity issue in their orders of remand. 20 C.F.R. §§ 404.981, 404.984(a).

**B.     The Substantial Gainful Activity Determination**

At step 1 of the sequential evaluation process, the plaintiff bears the burden of proving

6

that she did not engage in substantial gainful activity during the period in question. Bell v. Comm'r of Soc. Sec., 105 F.3d 244, 246 (6th Cir. 1996). If the claimant engaged in substantial gainful activity, then the Commissioner will find that he or she was not disabled at that time. 20 C.F.R. §§ 404.1520(b), 404.1571. Work is considered "substantial" if it "involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a). "Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. §§ 404.1572(b).

Hamilton argues that Judge Fletcher's finding that she engaged in substantial gainful activity in 1997 and 1998 is not supported by substantial evidence because her income exceeded the value of the work she performed, due to special work accommodations. (Id. at 11, citing 20 C.F.R. § 404.1574(a)(2).) She complains that "Judge Fletcher never addressed the issue of 'gross earnings' versus 'countable earnings.'" (Id. at 15.) She also notes that the work in 1997 and 1998 was interrupted and not continuous, consisting of a period between March 1997 and April 1998 and another period between June 30, 1998, and November 27, 1998. She says that the latter period could not be counted because it was too short to be treated as a successful work attempt, describing it as a period of "partial remission." (Id. at 15, citing 20 C.F.R. § 404.1574(c)(4)(iii).) For reasons that follow, substantial evidence supports the Commissioner's determination that Hamilton engaged in substantial gainful activity between March 1997 and April 1998. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. Richardson v. Perales, 402 U.S. 389, 401 (1971); Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

The evidence demonstrates that Hamilton earned in excess of $500 per month over a 14-month period, which ordinarily would qualify as substantial gainful activity under the

7

Commissioner's regulations. See 20 C.F.R. § 404.1574(b). Judge Fletcher found that Hamilton's work for Bouchard amounted to substantial gainful activity notwithstanding the fact that Bouchard assigned Hamilton to in-home, personal care clients who did not require lifting and did not smoke. Hamilton's work in this capacity was often performed during an overnight shift and there is nothing surprising in the Judge's finding that Hamilton's pay was not subsidized. Hamilton's pay was $6.00 per hour and there is no indication that another employee would have received less for performing the work Hamilton performed. Hamilton did what any other person would have done with these clients and shifts and her job performance was of "the highest quality," according to Bouchard. (R. 475.) Additionally, the Judge was impressed by the fact that Hamilton alleged an ability to work a 40-hour shift in a charge of discrimination she filed against Bouchard. (R. 644.) Even if the particular clients to whom Hamilton was assigned suggests some degree of "special conditions," that does not preclude a finding of substantial gainful activity. Id. § 404.1573(c). The record permits a finding that Bouchard employed Hamilton because she was a quality employee who was good for his business and for his clients and that any consideration he may have given to Hamilton's condition[4] did not render her work less than substantial.

As for Hamilton's allegation of a subsidy, the record does not demonstrate that her income "was not directly related to [Hamilton's] productivity" or "exceed[ed] the reasonable value of the work [she] performed." 20 C.F.R. § 404.1574(a)(2). As for the level of Hamilton's

---

[4] Hamilton swore out an affidavit in September 2002 describing the special accommodations provided by Mr. Bouchard in 1997 and 1998, including special home-care assignments with "easy" clients and leaves of absence for surgical procedures. The physical impairments are a history of back pain that restrict lifting and papilloma, benign tumors on the larynx. One of the other operative procedures that would have required additional leave time was a hysterectomy. (R. 460-463.) Hamilton also explained that she filed a human rights charge against Bouchard in July 1999, for failure to reassign Hamilton following her recovery from one surgery when Hamilton was anticipating yet another surgery and more leave in the next month or two. (R. 463.) In her charge of discrimination, Hamilton alleged an ability to work a 40-hour week. (R. 466.) The Human Rights Commission found in favor of the employer. (R. 523-24.)

earnings, the Judge noted that even if he credited an exhibit Hamilton submitted in support of a finding of wage subsidy, it would still demonstrate an average monthly wage over the substantial gainful activity level during a 14-month period. (R. 643.) A reasonable person might well accept the Judge's assessment that wages of $6.00 per hour did not amount to a subsidy and that the 14-month period of work activity between March 1997 and April 1998 was substantial under the applicable regulation because monthly average earnings exceeded $500.00.

## Conclusion

The finding that Hamilton engaged in substantial gainful activity in 1997 and 1998, in between her 1993 date last insured and her 2001 application date, is supported by substantial evidence and precludes an award of disability insurance benefits on the pending application. 20 C.F.R. § 404.320(b)(3), 404.621(d). Accordingly, I RECOMMEND that the Court AFFIRM the Commissioner's final decision and enter judgment in favor of the Commissioner.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 31, 2012